UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER VAN HECK,

    Plaintiff,

v.
                                         Case No. 18-11836
                                         HON. VICTORIA A. ROBERTS

CITY OF MT. CLEMENS
and LAUREL EMERSON,

    Defendants.
_____/

## ORDER AND OPINION GRANTING DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 [DOC. #16]

### I. INTRODUCTION AND FACTUAL BACKGROUND

The City of Mt. Clemens and Laurel Emerson, ("Defendants") filed this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56. They say Plaintiff Roger Van Heck ("Van Heck") failed to state a claim upon which relief may be granted because his pleadings do not satisfy Fed. R. Civ. P. (8). They also say Van Heck failed to show a genuine issue of material fact as required by Fed. R. Civ. P. 56 because his claims are barred by both the *res judicata* and *Rooker-Feldman* doctrines.

Van Heck filed this action *pro se* under 42 U.S.C. § 1983. He claims Defendant Emerson violated his Fourth and Fourteenth Amendment rights when she, among other things, trespassed and took photographs of his private property. He also brings claims under Michigan law. Van Heck previously filed suit against these Defendants in state court alleging the same claims. The Macomb County Circuit Court dismissed his claims with prejudice.

1

Because Van Heck asks the Court to address claims already litigated in state court, his claims are barred by the doctrine of *res judicata.* The Court need not decide whether Van Heck satisfied Fed. R. Civ. P. (8).

The Court **GRANTS** Defendants' Amended Motion for Summary Judgment**.**

## II. STANDARD OF REVIEW

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant has the initial burden to demonstrate the basis for its motion and to identify portions of the record which show the absence of a genuine issue of fact. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.,* 276 F.3d 845, 848 (6th Cir. 2002). Once the moving party meets this burden, the non-moving party must set forth specific facts that present a "genuine issue for trial." *Id.* The existence of a mere scintilla of evidence to support a plaintiff's position will not suffice; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 252 (1986). The parties must support assertions of fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

## III. DISCUSSION

### A. Van Heck's Claims Are Barred by the Doctrine of *Res Judicata*

Defendants say Van Heck's claims are barred by the doctrine of *res judicata* because his complaint is virtually identical to the claims raised in the Macomb County Circuit Court, which disposed of his claims with prejudice on the Defendants' Motion for Summary Disposition. The Court agrees.

Van Heck admits the Macomb County Circuit Court did dismiss his complaint with prejudice and barred him from refiling a like or similar complaint in the state court. He says, however, "[s]tate [c]ourt rulings do not and cannot dictate what the [f]ederal [c]ourt may hear or rule on." Van Heck's Brief and Response [Doc. #20].

Van Heck says "filing an appeal would be fruitless" because the trial judge, while a prosecutor, obtained a conviction against him which was subsequently overturned by the Michigan Supreme Court. Van Heck claims this was "upsetting" to the trial judge. He says the trial judge's sister is a Michigan Court of Appeals judge, and the trial judge's mother is a Michigan Supreme Court judge. Van Heck also argues his state claims were wrongly dismissed. He claims in his response the trial judge dismissed his claims because he failed to file an answer to Defendants' response; Van Heck says he did file. Defendants say this is an attempt to undermine and challenge the state court ruling.

Res judicata bars a subsequent action between the same parties or their privies based on the same claims or causes of action that were or could have been raised in the prior action. *Sanders v. County of Wayne,* 87 Fed.Appx. 449, 450 (6th Cir. 2003). "Federal courts must give state court judgments the same effect the rendering state court would give them." *Hutcherson v. Lauderdale County, Tennessee* 326 F.3d 747, 755 (6th Cir. 2003) (citing 28 U.S.C. § 1738; *Marrese v. Am. Acad. Of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985)).

For *res judicata* to apply, the state of Michigan requires "(1) there must have been a prior decision on the merits, (2) the issues must have been resolved in the first action, and (3) both actions must be between the same parties or their privies." *ABB Paint Finishing, Inc. v. National Union Fire Insurance Company,* 223 Mich. App. 559, 562-563 (1997).

All three elements are satisfied. The state court decided and dismissed Van Heck's claims on the merits, with prejudice. Van Heck seeks to sue the same Defendants for the same underlying events that formed the basis of his state court complaint. *Res judicata* prohibits him from doing so. Regardless of Van Heck's concerns about bias in the Michigan Court of Appeals and the Michigan Supreme Court, the proper avenue for redress is through the state appeals process, not federal court.

IV.   CONCLUSION

Van Heck's claims are barred by the doctrine of *res judicata.* Because of this ruling, it is unnecessary for the Court to address Defendants' claims that the Court should (1) apply the *Rooker-Feldman* doctrine to dismiss Van Heck's lawsuit[1] and (2) that Van Heck failed to satisfy Fed. R. Civ. P. 8.

Defendants' Motion is **GRANTED.**

---

[1] The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005). The Court considered whether the doctrine applies here. Because the source of Van Heck's injury is a third party and not the state court judgment itself, the Court has jurisdiction over the action and preclusion doctrines apply. *Id.* at 293; *see also McCormick v. Braverman,* 451 F.3d 382 (6th Cir. 2006).

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 1, 2019